IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-410-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and<br>THE STATE OF NORTH CAROLINA,<br>EX REL.STEPHEN GUGENHEIM, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MERIDIAN SENIOR LIVING, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss and motion to stay discovery. The appropriate responses and replies have been filed, and a hearing was held on the matters before the undersigned on December 20, 2017, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, defendants' motions are denied.

BACKGROUND

Stephen Guggenheim, plaintiff and relator, brought this action under the False Claims Act (FCA), 31 U.S.C. § 3729, *et seq.*, as amended and N.C. Gen. Stat. § 1-605, *et seq.*, (NC FCA) to recover damages and civil penalties on behalf of the United States and the State of North Carolina for violations of the FCA and NC FCA with respect to submissions of and reimbursements for false claims to North Carolina's Medicaid Program, specifically for the provision of personal care services.[1] Personal care services, or PCS, under the North Carolina Medicaid Program include a range of hands-on assistance to enable individuals accomplish tasks they are unable to perform themselves, and typically include activities such as dressing, bathing, eating, toileting, and

---

[1] The United States and the State of North Carolina have declined to intervene in this action. [DE 21].

mobility. The majority of the forty-nine named defendants are operators of separate adult care homes that provide PCS to elderly residents. Plaintiff alleges that the named defendants, acting in concert, from at least 2010 and past the date of the filing of the complaint, "acted with actual knowledge of the information, and/or with deliberate ignorance and/or reckless disregard for the truth or falsity of the information, and/or with intention to deceive the government intentionally submitted false claims for reimbursement to N.C. Medicaid for [PCS] provided to residents of Defendants' Special Care Units and received reimbursements therefrom." Specifically, plaintiff contends that these false claims relate to reimbursement for PCS provided to Alzheimer's or other similarly situated memory-impaired adult care home Medicaid beneficiaries residing in memory care units, otherwise known as special care units. Plaintiff alleges that the defendants' staffing patterns and scheduling practices make it impossible for defendants to have rendered the required time units of PCS to their qualified Medicaid special care unit residents, or, alternatively, to provide for and meet the PCS needs of the qualified Medicaid special care unit residents as assessed. *See* [DE 26] Amd. Cmpl.

In their motion to dismiss, defendants argue that the complaint does not plead a violation of the FCA or NC FCA with particularity as required by Fed. R. Civ. P. 9(b), the complaint does not state a claim upon which relief may be granted, and that the Court lacks subject matter jurisdiction over the NC FCA claims which should therefore be dismissed.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings'

allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud or mistake, requiring a party to "state with particularity the circumstances constituting fraud or mistake," but allowing state of mind to be pled generally. Fed R. Civ. P. 9(b). Courts generally refer to this as the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). However, while claims of fraud or mistake do have a heightened pleading standard, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (*Harrison*).

To prevail on a claim under the FCA, a plaintiff must demonstrate that (1) defendant made a false statement or engaged in a fraudulent course of conduct; (2) the statement or conduct was carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay money or forfeit money due and owing. *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 913 (4th Cir. 2003) (*Harrison II*). The focus of the FCA is on those who present or directly induce the submission of false or fraudulent claims, and the FCA's "scienter requirement defines 'knowing' and 'knowingly' to mean that a person has 'actual knowledge of the information,' 'acts in deliberate ignorance of the truth or falsity of the information,' or 'acts in reckless disregard of the truth or falsity of the information.'" *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1996 (2016) (internal citations omitted).

Having considered the first amended complaint in light of the applicable standards, the Court finds that plaintiff has stated claims upon which relief can be granted and satisfied the heightened pleading requirements of Rule 9(b). Plaintiff alleges that each of the defendants implemented the same fraudulent scheme to defraud Medicaid pursuant to a policy directed by Charles Trefzger, who is alleged to be the member manager of all forty-eight LLC defendants that have been named in the first amended complaint. [DE 26] Amd. Cmpl. ¶¶ 18-67. Plaintiff has identified specific applicable PCS reimbursement policies which defendants have violated. *See* 10A N.C.A.C. 13A.1308(a). Plaintiff has alleged that the fraudulent conduct took place from 2010 through at least the date of the complaint, and that the false claims were submitted regularly and continuously. While plaintiff has not identified the specific date of each allegedly false claim, he is not required to do so at this stage, but rather need allege only enough that the Court is satisfied

that defendants are aware of the particular circumstances and that plaintiff has sufficient prediscovery evidence of the facts. *Harrison*, 176 F. 3d 184.

Plaintiff has further sufficiently alleged how the fraudulent scheme perpetrated by defendants was carried out. Plaintiff contends that during the time periods alleged, defendants maintained the minimum number of staff, or fewer, to comply with state licensing requirements, and that it would not be possible for that number of staff to provide the maximum number of assessed hours to their special care unit residents, as was submitted by defendants to Medicaid for reimbursement. Plaintiff has identified the forms which defendants falsely certified and gave examples of false submissions made by one of the defendant-entities, Woodhaven Court. *See* [DE 26] Amd. Cmpl. ¶¶ 129 – 152. Plaintiff has identified an executive at defendant Meridian Senior Living Group who allegedly stated that, "irrespective of how much time we spend caring for that resident" defendants bill the state for the total number of hours of PCS for which the resident is approved. *Id.* ¶ 144. Plaintiff has sufficiently identified the who, what, where, when, and how of the defendants' alleged fraud, and "his allegations pass Rule 9(b) muster." *Smith v. Clark/Smoot/Russell*, 796 F.3d 424, 433 (4th Cir. 2015).

Defendants further argue the FCA's public disclosure bar serves as a basis for dismissal of plaintiff's claims. "The public-disclosure bar aims 'to strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits' in which a relator, instead of plowing new ground, attempts to free-ride by merely reiterating previously disclosed fraudulent acts." *United States ex rel. Beauchamp v. Academi Training Ctr.*, 816 F.3d 37, 43 (4th Cir. 2016) (citation omitted). After revision in 2010, the FCA's public disclosure bar now provides that

> (4)(A) The court shall dismiss an action or claim under this section, unless
> opposed by the Government, if substantially the same allegations or transactions
> as alleged in the action or claim were publicly disclosed--

(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
(ii) in a congressional, Government[2] Accountability Office, or other Federal report, hearing, audit, or investigation; or
(iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). Prior to the 2010 revision, the public disclosure bar operated to deprive a federal court of jurisdiction over an FCA action; "[p]ost-amendment, the public-disclosure bar is a grounds for dismissal—effectively, an affirmative defense—rather than a jurisdictional bar." *Beauchamp*, 816 F.3d at 40. In order for a court to determine whether the public disclosure bar applies,

court must determine whether there is a "public disclosure" within the meaning of the FCA that covers the claim in question. *See* 31 U.S.C. § 3730(e)(4)(A). If not, the claim is not subject to the public disclosure bar. If there is a public disclosure that covers the claim, the district court must then determine whether the relator's claim is "based upon" the public disclosure. *Id.* If not, the claim is not barred. But if the claim is "based upon" the public disclosure, the district court must determine whether the relator is an "original source" of the information on which his claim is based. *Id.* The relator has the burden of proving each jurisdictional fact by a preponderance of the evidence.

*U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 569, 579 (E.D. Va. 2011) (citation omitted).

Defendants argue that, for nearly a decade, the federal government has investigated and compiled an extensive public record regarding the provision of PCS to Medicaid recipients, which included reports detailing claims for PCS that did not match the hours worked by employees of a PCS provider. In essence, defendants argue that the government has long been aware of PCS providers billing for provision of PCS services which were not, in fact, provided, and that this should bar plaintiff's claims against defendants. In support of their argument, defendants have identified eight Department of Health and Human Services, Office of the Inspector General (HHS-OIG) and United States Government Accountability Office (GAO) reports.

A qualifying public disclosure may occur in, *inter alia,* a congressional, administrative, or GAO report, audit, or investigation. 31 U.S.C. § 3730(e)(4)(A). "There is no requirement under our case law that the public disclosure matches *with specificity* the allegations made by a *qui tam* relator." *U.S. ex rel. Black v. Health & Hosp. Corp. of Marion Cty.,* 494 F. App'x 285, 294 (4th Cir. 2012). However, the publications cited by defendants, while they identify generally the problem of fraudulent billing in the provision of PCS, are not sufficiently similar to plaintiff's claims to serve as a prior public disclosure. For example, one publication discusses home PCS billing for patients during institutional stays, [DE 43-8], while another discusses the payment of PCS claims in excess of twenty-four hours per day. [DE 43-9]. While one publication references lack of compliance for claims for federal reimbursement of Medicaid PCS specifically in North Carolina, [DE 43-10], it does not address any issues regarding staffing and the ability to provide PCS as claimed. Several of the publications also address provision of PCS to patients living at home as opposed to patients living in adult care homes. *See, e.g.,* [DE 43-9]. Although the publications[2] plainly support that the federal and North Carolina government have notice of improper billing for PCS services, general knowledge of improper billing simply does not satisfy the intent of the public disclosure bar, which seeks to "*bar* a subset of [false claims] suits that [are] deemed unmeritorious or downright harmful." *Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson,* 559 U.S. 280, 298 (2010).

Accordingly, the Court does not find that the reports and investigations proffered by defendants operate as a public disclosure of the claims at issue in this case. Alternatively, the

---

[2] The Court has not considered those publications which are dated after the filing of the complaint in this matter, as public disclosures subsequent to the filing of a false claims action do not trigger the bar. *See Beauchamp,* 816 F.3d at 46 (4th Cir. 2016) ("determination of when a plaintiff's claims arise for purposes of the public-disclosure bar is governed by the date of the first pleading to particularly allege the relevant fraud"); [DE 43-15, 16, 17].

Court finds that plaintiff is properly considered to be an original source as his information is independent of and materially adds to the publicly disclosed information. 31 U.S.C. § 3730(e)(4)(B). Specifically, plaintiff has identified, based on staffing documents and human resource information, alleged fraud in PCS billing occurring in adult care homes due to staffing inadequacies rather than lack of documentation, plans of care, or qualification requirements as is discussed in several of the publications cited by defendants. *See, e.g.* [DE 43-12]. Accordingly, for these reasons, the Court holds that the public disclosure bar does not require dismissal of plaintiff's FCA claim.

North Carolina's public disclosure bar, N.C. Gen. Stat. § 1-611, does not require dismissal of plaintiff's NC FCA claim. Defendants argue that because plaintiff bases his allegations on information obtained during discovery in unrelated civil actions, his claims are barred under the NC FCA, which provides that allegations or transactions which were revealed through criminal, civil, or administrative hearings are public disclosures and would deprive a court of jurisdiction over the false claims action. N.C. Gen. Stat. § 1-611(d).

The Court is persuaded that it should consider the NC FCA consistently with the FCA, including any subsequent amendments. N.C. Gen. Stat. § 1-616(c); [DE 45] *North Carolina's Statement of Interest*; [DE 50]. Under the 2010 amendments to the FCA, disclosures revealed through litigation will only be considered to be public disclosures under the act if the government or a government agency is a party to the litigation. 31 U.S.C. § 3730(e)(4)(A)(i). While the language of the NC FCA continues to provide that allegations or transactions which were revealed through criminal, civil, or administrative hearings are considered public disclosures, interpreting the statute consistently with the FCA would impose the additional requirement that the government have been a party to the action for the disclosure to be public. Moreover, the information relied

8

upon by plaintiff is not alleged to have been included in civil or administrative hearings, but rather was identified during the discovery process and was not necessarily filed in a complaint or other public document. *See* Amd. Cmpl. ¶¶ 122-125. Indeed, in the pre-2010 amendment FCA, "any information disclosed through civil litigation and *on file with the clerk's office* should be considered a public disclosure of allegations in a civil hearing for purposes of [the public disclosure bar]." *United States ex rel. Siller v. Becton Dickinson & Co. By & Through Microbiology Sys. Div.*, 21 F.3d 1339, 1350 (4th Cir. 1994) (emphasis added). Such circumstance is not present here. Further, as the State has requested that this Court interpret North Carolina's original source exclusion consistent with the FCA, [DE 45], plaintiff would, as discussed above, be considered to be an original source under the NC FCA as well as the FCA. The Court therefore holds that the NC FCA's public disclosure bar does not require dismissal of plaintiff's claim.

Finally, plaintiff has not responded to the motion to dismiss his claim under 31 U.S.C. § 3729(a)(1)(B) for knowingly making, using, or causing to be made or used a false record or his conspiracy claim. In the absence of opposition, the Court finds defendants' arguments to have merit, and the motion to dismiss these claims is allowed.

## CONCLUSION

In sum, the Court has considered the allegations in the amended complaint against the applicable standards and concludes that dismissal at this stage is not warranted. Defendants' motion to dismiss [DE 42] is GRANTED IN PART and DENIED IN PART and defendants' motion to stay discovery [DE 47] is DENIED AS MOOT.

SO ORDERED, this _22_ day of _March_, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9