IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-410-BO

UNITED STATES OF AMERICA and    )
THE STATE OF NORTH CAROLINA,    )
EX REL. STEPHEN GUGENHEIM,       )
                                 )
                  Plaintiff,     )
                                 )
v.                               )            O R D E R
                                 )
MERIDIAN SENIOR LIVING, LLC, *et al.*, )
                                 )
                  Defendants.    )


This cause comes before the Court on defendants' motion to amend order to include

certification for interlocutory appeal. Plaintiff has responded and the motion is ripe for ruling. For

the reasons that follow, defendants' motion is denied.

## BACKGROUND

The Court dispenses with a recitation of the factual and procedural background of this

matter and incorporates by reference as if fully set forth herein those portions of its 23 March 2018

order. In an order entered on the Court's docket on March 23, 2018, the Court granted in part and

denied in part defendants' motion to dismiss and denied as moot their motion to stay discovery.

[DE 55]. Defendants now seek an immediate appeal of the Court's 23 March 2018 order in order

to resolve three issues:

> 1. Can a relator sufficiently allege claims against all defendants under Rule 9(b)
> without setting forth specific factual allegations about each defendant?

> 2. Does the NC FCA cede authority to Congress or the federal judiciary to rewrite
> a North Carolina statute based solely on amendments to the FCA and thereby:

• require that the federal government be a party to litigation in order for that litigation to trigger the public disclosure bar; and

• remove the statutorily required jurisdictional bar under the NC FCA for allegations based on public disclosures.

3. What level of specificity is required to trigger the public disclosure bars under both the FCA and NC FCA for industry-wide practices known to the government?

## DISCUSSION

28 U.S.C. § 1292(b) provides that a district judge may certify an order as immediately appealable if he finds that it "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .." 28 U.S.C. § 1292(b). While section 1292(b) was enacted in order to permit interlocutory appeals under some circumstances, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2nd Cir. 1996).

The requirements of § 1292(b) must be strictly construed. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Even where the requirements of § 1292(b) have been satisfied, the decision to certify an interlocutory appeal lies soundly within the discretion of the court that has issued the order. *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp.

2

849, 852 (E.D.N.C. 1995); *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (quotation and citation omitted) (district court has "unfettered discretion" to decline to certify an interlocutory appeal in absence of exceptional circumstances). As the defendants have recognized in their motion, the Court was not of the opinion that interlocutory appeal of any issue addressed in its order on the motion to dismiss was warranted at the time the order was entered, and thus defendants have requested that the Court amend its prior order to include § 1292(b) certification.

In its review of defendants' request, the Court finds no exceptional circumstances which would warrant certification of an interlocutory appeal. In essence, defendants contend that, in denying their motion to dismiss for failure to satisfy Fed. R. Civ. P. 9(b), the Court has failed to properly apply settled law to the facts or evidence of this case, which is inappropriate for § 1292(b) review. *Michaels*, 848 F.3d at 341. Defendants have cited no difference of opinion as to this Court's interpretation of the North Carolina False Claims Act as consistent with the federal False Claims Act, as was requested by the State of North Carolina. [DE 45]. Finally, as plaintiff correctly notes, any review of the Court's determination regarding the public disclosure bar would not materially advance the litigation as the Court made an alternative finding that plaintiff could proceed as an original source.

In sum, the Court is simply not persuaded that this case presents an exception to the general rule that requires entry of a final decision prior to appellate review. *See Cobbledick v. United States*, 309 U.S. 323, 324 (1940). The request to amend to certify an interlocutory appeal is therefore denied.

The following critical deadlines shall apply as this matter proceeds in this Court: all discovery shall conclude not later than six months from the date of entry of this order on the Court's docket; dispositive motions shall be filed not later than thirty days from the close of discovery.

3

## CONCLUSION

For the foregoing reasons, defendants' motion to amend order to include certification for interlocutory appeal [DE 57] is DENIED. The following critical deadlines shall apply in this case: all discovery shall conclude not later than six months from the date of entry of this order on the Court's docket; dispositive motions shall be filed not later than thirty days from the close of discovery. The remaining provisions of the parties' Rule 26(f) report not inconsistent with the foregoing are adopted.

SO ORDERED, this 20 day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE