IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-410-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF NORTH CAROLINA, *ex rel.* STEPHEN GUGENHEIM, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER** |
| MERIDIAN SENIOR LIVING, LLC, *et. al.*, ) ) | |
| Defendants. ) ) | |

This case comes before the court on the motion (D.E. 82) by defendants Meridian Senior Living, LLC *et al.* (collectively "defendants") to seal an exhibit (D.E. 81) filed in support of defendants' response (D.E. 80) to a motion to compel (D.E. 77) filed by relator Stephen Gugenheim ("relator"). The motion to seal is unopposed by the relator. *See* D.E. 82 ¶ 4. For the reasons set forth below, the court will allow the motion.[1]

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection

---

[1] The court notes that defendants' motion to seal was not supported by a memorandum of law as required by this court's local rules. *See* Local Civ. Rules 7.1(e), 79.2, E.D.N.C. Future motions that fail to comply with the local rules may be summarily denied.

with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, as noted, the exhibit sought to be sealed was filed in connection with a motion to compel, and therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendants seek the sealing of the aforementioned exhibit because it contains binding confidential settlement agreements related to prior litigation that are protected by a protective order entered by this court (D.E. 68). Defendants contend that sealing the exhibit is needed to preserve confidentiality. The court agrees that the material is of a confidential nature. *See Hopeman Bros., Inc. v. Cont'l Cas. Co.*, No. 416CV00187MSDLRL, 2018 WL 2426272, at *2 (E.D. Va. 7 Feb. 2018) (holding that prior settlement agreements with nonparties to the litigation were "not available to the public and the risk of harm . . . from disclosure outweighs any First Amendment

2

or common law presumption of public access"). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 19 October 2018. No opposition to the motions has been filed by any nonparty despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the exhibit contains confidential information, the court finds that alternatives to sealing the exhibit do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendants' motion (D.E. 82) to seal is ALLOWED. The Clerk is DIRECTED to permanently seal the exhibit (D.E. 81) in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 1st day of November 2018.

James E. Gates
United States Magistrate Judge