IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-410-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF NORTH CAROLINA, *ex rel.* STEPHEN GUGENHEIM, Plaintiffs, v. MERIDIAN SENIOR LIVING, LLC, *et. al.*, Defendants. | **ORDER** |

This case comes before the court on the motion to compel (D.E. 77) filed by relator Stephen Gugenheim ("relator"). The motion seeks to compel defendants Meridian Senior Living, LLC, *et al.* (collectively "defendants") to produce additional documents and strike confidential designations from certain documents they have produced. The motion is opposed by defendants and has been fully briefed. For the reasons set forth below, the motion will be allowed in part and denied in part.

**I. BACKGROUND**

This qui tam case commenced by the relator on behalf of the United States of America and State of North Carolina asserts claims under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the North Carolina False Claims Act, N.C. Gen. Stat. § 1-605 *et seq.* Am. Compl. (D.E. 26) ¶¶ 1, 2, 68, 73. The 49 defendants are largely owners or providers of memory care services at residential assisted living facilities in North Carolina. *Id.* ¶¶ 2, 3, 6. Specifically, the action seeks to recover damages and civil penalties for defendants' alleged submission of false or fraudulent claims submitted to and reimbursed by Medicaid. *Id.* ¶¶ 4, 5, 104, 112. The claims submitted by

defendants were for personal care services ("PCS"), which consist of services that an individual requires to perform his activities of daily living, including eating, dressing, bathing, toileting, and mobility. *Id.* ¶¶ 2, 75, 86. The relator alleges that defendants submitted fraudulent claims for PCS provided to Alzheimer's or other memory-impaired adults in defendants' memory care, or special care, units ("SCUs"). *Id.* ¶¶ 3, 89.

On 2 July 2018, the relator served defendants with his first set of interrogatories and requests for production of documents. Rel.'s Disc. Req. (D.E. 78-4). Defendants served written responses on 1 August 2018. Defs.' Disc. Resp. (D.E. 78-1). Following conferral with the relator, defendants supplemented their responses and began a rolling production of documents on 17 August 2018. Rel.'s Mem. (D.E. 78) 3. As the relator reviewed the documents, he identified certain categories of documents that he contends have been wrongfully withheld. He also opposes defendants' designation of certain categories of documents as confidential. After the parties could not come to an agreement at a meet-and-confer session on 26 September 2018, the relator filed the instant motion to compel. *Id.* He has adequately demonstrated that he attempted to resolve the matters at issue without court intervention.[1] *See* 21 Sept. 2018 Ltr. (D.E. 78-2); Rel.'s Mem. 3.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[1] The court notes that the relator's motion does not contain an express certification regarding conferral as is required by both the federal and local rules, but he has otherwise demonstrated that he engaged in sufficient conferral efforts prior to filing the motion.

2

> expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1

(E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. ANALYSIS

### A. Budgets, Leases, and Financial Statements (Production Requests Nos. 5, 20, 21, and 26)

The relator moves to compel production of budgets, audited financial statements, tax returns, and lease agreements of defendants.[2] The relator contends that the budgets and financial statements will demonstrate that defendants knowingly staffed facilities at levels that would not be capable of providing the care underlying their submitted Medicaid claims. The relator also argues that although some of defendants' initial budgets were supplied to the North Carolina Department of Health and Human Services in connection with certificate of need applications, for

---

[2] Specifically, Request for Production No. 5 seeks: "All monthly, quarterly, and/or annual budgets during the Relevant Period including, but not limited to, labor budgets for each Facility." Prod. Req. No. 5. Request for Production No. 20 seeks: "All audited financial statements and tax returns for each Defendant during the Relevant Period." Prod. Req. No. 20. Request for Production No. 21 seeks: "All building or premises lease agreements relating to each Defendant Facility that were in place during the Relevant Period." Prod. Req. No. 21. Request for Production No. 26 seeks: "The annual, monthly, quarterly or other budgets that were in place during the Relevant Period for each Facility." Prod. Req. No. 26.

4

purposes of this litigation, the relator requires the specific budgets used when the facilities were operational. Defendants contend that the budgets and financial statements are not relevant to the claims at issue in the litigation, their production would place an undue burden on them, and the information in these documents is duplicative of information in other documents defendants have already produced, including every time card, payroll record, and resident census entry for an eight-year period for each defendant facility.

The court finds that the relevance of the budgets, financial statements, and tax returns to the claims and defenses in this litigation has been adequately demonstrated. While the court recognizes that there may be some overlap in the information contained in the different types of documents to be produced (*e.g.*, some financial statements may contain some of the same information contained in certain tax returns), such potential redundancy is justifiable given the nature of the allegations against defendants which implicate the consistency and accuracy of defendants' records. Moreover, defendants have not shown that production of these requested documents would place an undue burden on them.

For these reasons, the portion of the relator's motion to compel seeking further responses to the production requests for budgets, financial statements, and tax returns—Production Requests Nos. 5, 20, and 26—is ALLOWED. Defendants shall produce to relator by 5 December 2018 the documents sought in Production Requests Nos. 5, 20, and 26, subject to the following:

1. If defendants contend that they are able to provide fewer than all the documents sought in Requests for Production No. 5, 20, and 26, they shall state in their supplemental response to the production requests that after reasonable inquiry they have determined that not all the requested documents are within their possession, custody, or control and the reasons why, including the steps they have taken to obtain the missing documents. *See*,

5

*e.g.*, Fed. R. Civ. P. 34(a)(1)(A); *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 530 (D.S.C. 2018) (holding that court could not compel a party to provide information it does not possess).

2. In addition, the court will permit defendants to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in response to these production requests. To properly claim a privilege, defendants must, in addition to expressly asserting it in response to the particular production request involved, serve with their response a privilege log in conformance with Rule 26(b)(5)(A). Any claim of privilege shall meet the requirements for the privilege asserted. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

The relevance of the documents sought in Production Request No. 21, which seeks production of all building or premises leases for each defendant facility, has not been demonstrated. The portion of the relator's motion to compel seeking a further response to this production request is therefore DENIED. Defendants need not supplement their response to Production Request No. 21.

### B. Timeliness of Production of Documents (Production Requests Nos., *e.g.*, 6, 18, and 27)

As to various documents defendants stated in their responses they would produce, the relator argues that defendants failed to produce them at the time of service of their response or thereafter. He contends that defendants' vague assurances that production is forthcoming with respect to Production Requests Nos. 6, 18, and 27, in particular, is prejudicial to him. Defendants argue that they are producing the documents they agreed to produce as quickly as possible in light

6

of having 49 primary custodians and 117 secondary custodians' records to review for responsive documents.

The court recently allowed the parties' joint motion (D.E. 79) to extend the deadline in the Scheduling Order to complete discovery through 20 March 2019. 23 Oct. 2018 Ord. (D.E. 83) ¶ 2. In their joint motion, the parties represented that defendants have produced over 1,700,000 pages of documents and that defendants anticipated providing the remaining documents they agreed to produce by 9 November 2018. Jt. Mot. ¶¶ 15, 18. To the extent that defendants have not yet completed their agreed-upon production, the relator's motion to compel is ALLOWED. Defendants shall complete their agreed-upon production of documents by 28 November 2018.

## C. Confidentiality Designations

Finally, the relator challenges defendants' designations of certain documents as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only"), as provided for in the Protective Order entered in this case. *See* Prot. Ord. (D.E. 68) ¶ II.A. The Protective Order sets forth a procedure for a party to challenge such designations, which is the basis for this portion of the instant motion. *See* Prot. Ord. ¶ IV.B.

Specifically, defendants have designated staffing time cards and census data as "Attorneys' Eyes Only," preventing the relator from reviewing them. The relator contends that in prior similar lawsuits, these categories of documents were not even marked confidential, let alone denoted with this highly confidential designation. He argues that the conduct of defendants in other lawsuits amounts to a waiver of such a position of confidentiality here. In response, defendants argue that the staffing time cards and census data are entitled to heightened protection because the relator has routinely prosecuted numerous lawsuits against defendants' facilities and should not be permitted to personally benefit from his access to information gleaned from documents produced in this

litigation. Defendants further contend that because this qui tam case is being prosecuted on behalf of the United States and the State of North Carolina, the relator is not a real party in interest to the case, has no personal stake in it, and accordingly, has no need to personally review the disputed documents.

The court rejects the relator's waiver contention. Designations in prior lawsuits are not before this court on the instant motion and the court will accordingly not consider them here.

As to defendants' concerns about the relator's use of information obtained during discovery for future litigation, the Protective Order provides that "Confidential Information must not be used for any business, competitive, or other purpose outside of this action—which includes any appeals of this case." Prot. Ord. ¶ VIII. "Confidential Information" includes information that is designated solely "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as well as information that is designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY." *See, e.g., id.* ¶¶ I.C.1, II.A. Therefore, the "Attorneys' Eyes Only" designation is not necessary to prohibit a person to whom Confidential Information is produced from using it in other litigation.

The Protective Order does make available the "Attorneys' Eyes Only" designation when the information produced "may indicate the identity of individuals who may have been harmed by acts of negligence," but only "if any potential claims the resident may have are within the statute of limitations." *See id.* ¶ III.E. Thus, defendants' use of the "Attorneys' Eyes Only" designation is proper to the extent that the documents designated include information containing the specified information.

The court declines to extend use of the "Attorneys' Eyes Only" designation to protect against use of information produced in discovery in other litigation beyond the foregoing terms in

8

¶ III.E of the Protective Order. Defendants agreed to these terms by consenting to the relator's motion for entry of the Protective Order. *See* Consent Mot. (D.E. 67) 1. Moreover, the consent motion was dated and filed on 2 July 2018 (*see id.*), the same day on which the discovery requests at issue were served. Defendants have made no showing that they became aware of the purported risk of the relator's misuse of discovery obtained in this case only in the few months since they agreed to the terms of the Protective Order.

Defendants shall review all the time cards and census data they designated "Attorneys' Eyes Only." As to all such time cards and census data that they determine in good faith do not meet the criteria for designation as "Attorneys' Eyes Only" in ¶ III.E of the Protective Order, defendants shall serve on the relator no later than 5 December 2018 notice of removal of the "Attorneys' Eyes Only" designation from such cards and census data and, if defendants choose to redesignate such time cards and census data as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," notice of such redesignation. The parties shall confer in a good faith effort to resolve any disputes regarding the conformance of particular time cards and census data with the criteria in ¶ III.E of the Protective Order.

## IV. CONCLUSION

For the reasons stated and on the terms set forth above, IT IS ORDERED that the relator's motion to compel (D.E. 77) is ALLOWED IN PART and DENIED IN PART. Because the court finds that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

9

SO ORDERED, this 13th day of November 2018.

_____
James E. Gates
United States Magistrate Judge